## GILBERT V. MARCY.

An action *qui tam*, for any matter of a criminal nature, may be
prosecuted in the county where the complainant dwells, al-
though the crime was committed in another county.

ERROR from a judgment of the Court of Common Pleas.
Marcy exhibited his complaint *qui tam*, before a justice of
the peace in the county of Windham, complaining of an
assault committed in the county of Hartford.—The cause
came before the Court of Common Pleas, and on demurrer
to the complaint, judgment was for the plaintiff; — and the
judgment was affirmed.— For,

By the COURT.   The exception taken to this complaint,
under the general demurrer, was — That the assault being
alleged to have been done in the county of Hartford, the
prosecution ought to have been there, and not in the county
of Windham, it being for a criminal offense:— But there is
no statute of this state limiting the trial of criminal causes

to the county where the facts are done; though, for the convenience of the party accused, and the witnesses, it is reasonable, and ought not to be dispensed with, in prosecutions in behalf of the state, unless special circumstances render it necessary.— But this being a prosecution for a personal injury, by the party aggrieved, for the recovery of his damages, may be brought in the county where he dwells, as in the case of civil actions, notwithstanding there is a fine to be inflicted upon conviction.   And so is the practice in England, as well as in this state.— Croke Eliz. 645.